UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:
  Revival Holdings, LLC                          Case No.: 22-19146 (VFP)
  Prelude, LLC                                   Case No.: 22-19147 (VFP)
  Bright Windows Specialties, Inc.               Case No.: 22-19150 (VFP)
  Revival Sash & Door, LLC                       Case No.: 22-19151 (VFP)

  Nancy Isaacson, Chapter 7 Trustee v Sachs      Adv. Proc. No. 23-01029 (VFP)
  Capital Fund II, LLC
                                                 Chapter:  7

                                                 Judge:  Vincent F. Papalia, U.S.B.J.

---

## NOTICE OF PROPOSED COMPROMISE OR SETTLEMENT OF CONTROVERSY

---

Nancy Isaacson, Chapter 7 Trustee of Debtors Revival Holdings, LLC ("Holdings") (22-19146 [VFP]), holding company for Revival Sash & Door, LLC ("RSD") (Case No. 22-19151), Prelude, LLC ("Prelude") (Case No. 22-19147), and Bright Windows Specialties, Inc. ("BWS") (Case No. 22-19150) (RSD, Prelude, BWS and Holdings collectively referred to as "Debtors"), proposes a compromise, or to settle a claim and/or action as described below.  If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later than 7 days before the hearing date set forth below.

Address of the Clerk:          United States Bankruptcy Court
                               Martin Luther King, Jr. Federal Building
                               50 Walnut Street
                               Newark, NJ 07102

If an objection is filed, a hearing will be held before the Honorable Vincent F. Papalia on June 18, 2024, @ 10:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court, Courtroom No. 3B, 50 Walnut Street, Newark, NJ 07102 (hearing to be scheduled for at least 28 days from the date of the filing of the notice).  If no objection is filed the clerk will enter a Certification of No Objection and the settlement may be completed as proposed.

**Nature of action:**  The Trustee of Holdings filed a Complaint  against Michael Canizales (CEO) and Peter Manning (together, the "Settling Defendants"), former officers and members of the Holdings' Board of Managers, seeking damages for, *inter alia*, breaches of fiduciary duties, aiding and abetting breaches of fiduciary duties, breaches of the debtor Holdings' Operating Agreements, conspiracy and recovery of certain avoidable and/or fraudulent transfers (Adv. Proc. No. 23-01029-VFP).

**Pertinent terms of settlement:**

Settlement of claims against the Settling Defendants:

• **Settlement Payment**.  Settling Defendants pay One Million Dollars ($1,000,000) to the Trustee for Holdings within fifteen (15) days of entry of  Order approving the Settlement Agreement, to be released to Holdings when the Order becomes final and non-appealable.

• **Cooperation**. The Settling Defendants shall cooperate with the Trustee in the continued administration of the Debtors' Estates

ME1 48479218v.1

- **General Releases**. On the Effective Date, the Trustee for Holdings and the Settling Defendants shall be deemed to have exchanged Mutual Releases.

- **Withdrawal/Release of Proofs of Claim**.  Any proof of claim filed by the Settling Defendants against any of the Debtors' Estates shall be deemed withdrawn with prejudice, null, void and of no effect. The Settling Defendants waive any right to file any other claim, including a §502(h) claim, or otherwise seek any distribution, payment, compensation or remuneration from any of the Debtors' Estates, and any claim scheduled by any of the Debtors shall be deemed expunged.

- **Release of Remaining Defendants**. The Settling Defendants release and waive whatever rights or remedies against the other defendants in the adversary proceeding (Sachs Capital Fund II, LLC, Sachs Capital Partners, LLC, Andrew Sachs, Robert Henley, and Revival LOC, II ("Remaining Defendants"), conditioned upon and effective when the Remaining Defendants release and waive any claims they may have against the Settling Defendants. If a settlement agreement with the Remaining Defendants is not approved, then the Settling Defendants will be entitled to a joint tortfeasor credit in the event that the Remaining Defendants have rights against the Settling Defendants after a trial.

- **Dismissal of Adversary Proceeding**. The Settling Defendants shall be dismissed from the Adversary Proceeding within the five (5) days of the Effective Date of the Settlement Agreement.

A complete copy of the motion to approve the settlement and all supporting documents to the motion, which were filed in the Holdings' bankruptcy case and adversary proceeding referenced above, are available upon written request to the undersigned special counsel to the Trustee.

Objections must be served on, and requests for additional information directed to:

Lisa Bonsall, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
973-639-2066

ME1 48479218v.1