**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**McCARTER & ENGLISH, LLP**
Lisa S. Bonsall, Esq.
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
Telephone: (973) 622-4444
E-mail: lbonsall@mccarter.com
*Special Counsel to Nancy Isaacson, Ch. 7*
*Trustee/Plaintiff*

| | |
|---|---|
| In re:<br><br>REVIVAL HOLDINGS, LLC,<br><br>      Debtor. | Chapter 7 Proceeding<br><br>Case No. 22-19146 (VFP)<br><br>Hon. Vincent F. Papalia |
| NANCY ISAACSON, CHAPTER 7 TRUSTEE,<br><br>v.<br><br>SACHS CAPITAL FUND II, LLC, *et al.*,<br><br>      Defendants. | Adv. Pro. No.: 23-01029 (VFP) |

Order Filed on June 18, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE APPROVING
SETTLEMENT AGREEMENT AND MUTUAL RELEASES BY AND AMONG
THE TRUSTEE, MICHAEL CANIZALES AND PETER MANNING**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

**DATED: June 18, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

ME1 48300679v.3

Page:        2
Debtor:      Revival Holdings, LLC
Case No.:    22-19146 (VFP)
Adv. Proc.No.:   23-01029 (VF)
Caption:     Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

_____

Upon the motion (the "Motion")[1] of Plaintiff Nancy Isaacson, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Revival Holdings, LLC (the "Debtor"), by and through her attorneys, for entry of an order pursuant to Sections 105(a) of Title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing and approving the settlement agreement on the terms set forth in that certain *Settlement Agreement and Mutual Release*, dated May 15, 2024, and attached hereto as **Exhibit A** (the "Settlement Agreement"), by and among the Trustee of the estates of the Debtor and its subsidiaries, Revival Sash & Door, LLC ("RSD") (Case No. 22-19151), Prelude, LLC ("Prelude") (Case No. 22-19147), and Bright Windows Specialties, Inc. ("BWS") (Case No. 22-19150) (RSD, Prelude and BWS collectively referred to as the "Subsidiaries," and with the Debtor, the "Debtors"), on the one hand, and Michael Canizales ("Canizales") and Peter Manning ("Manning" and together with the Trustee and Canizales, the "Parties"), on the other; and (ii) granting such other and further relief as this Court deems just and proper; and the Court having determined that adequate notice of the Motion has been given as set forth in the Certification of Service of the Motion; and that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Court having determined that the Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that (a) the Trustee has demonstrated sound business judgment for entering into the Settlement Agreement, and (b) the

_____

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement Agreement or, if not defined therein, in the Motion.

ME1 48300679v.3

Page:       3
Debtor:     Revival Holdings, LLC
Case No.:   22-19146 (VFP)
Adv. Proc.No.:  23-01029 (VF)
Caption:    Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

---

legal and factual bases set forth in the Motion and presented on the record at the hearing on the Motion, if any (the "Hearing"), establish just cause for the relief granted herein; and taking into account (i) the complexity of the claims being settled by the Settlement Agreement, (ii) the costs and risks of litigating such claims, and (iii) the interests of creditors, the Court finds that the Settlement Agreement and the related relief requested in the Motion, to the extent granted herein, is fair, reasonable, supported by sound business reasons and in the best interests of the Debtors' Estates, their creditors and all other parties in interest;[2] and the Court having considered and overruled the objections to the relief sought in the Motion, if any; and the Court being fully advised in the premises; and for the reasons set forth on the record at the Hearing on the Motion; and after due deliberation;

**NOW, THEREFORE, IT IS:**

**ORDERED** that the Motion is approved in its entirety, and all objections to the Motion or the relief requested that have not been withdrawn, waived or settled, be and hereby are overruled and denied on the merits with prejudice; and it is further

**ORDERED** that pursuant to Sections 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement and all of its terms and conditions are approved in all respects, and the Trustee is authorized to enter into the Settlement Agreement and perform her obligations thereunder; and it is further

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Bankruptcy Rule 7052.

ME1 48300679v.3

Page:        4
Debtor:      Revival Holdings, LLC
Case No.:    22-19146 (VFP)
Adv. Proc.No.:  23-01029 (VF)
Caption:     Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement
             and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

---

**ORDERED** that the Settling Defendants are hereby directed to perform their obligations under the Settlement Agreement; and it is further

**ORDERED** that the Settlement Payment shall be payable so as to be received by the Trustee within fifteen (15) days of entry of this order, and held in trust as set forth in the Settlement Agreement and released immediately upon this order becoming final and non-appealable; and it is further

**ORDERED** that any Proof of Claim filed by the Settling Defendants against any of the Debtors shall be deemed automatically withdrawn with prejudice, and any liability related thereto is hereby released, and such claim is hereby null, void and of no effect.  The Settling Defendants are barred, precluded and prohibited from filing any claim or otherwise seeking any distribution, payment, compensation, remuneration or benefit from any of the Debtors' Estates.  The Settling Defendants are also hereby precluded from filing any claim relating to the Settlement Payment under 11 U.S.C. §502(h) of the Bankruptcy Code. Any sums scheduled by any of the Debtors in their respective Bankruptcy Petitions as owing to the Settling Defendants are hereby deemed expunged without further action or order of the court; and it is further

**ORDERED** that the releases between and among the Trustee of the Debtors' Estates and the Settling Defendants are approved, and shall become effective as set forth in the Settlement Agreement; and it is further

**ORDERED** that the Remaining Defendants are hereby barred, precluded and prohibited from filing any claims against the Settling Defendants for contribution, indemnification or other

ME1 48300679v.3

Page:          5
Debtor:        Revival Holdings, LLC
Case No.:      22-19146 (VFP)
Adv. Proc.No.: 23-01029 (VF)
Caption:       Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement
               and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

_____

reimbursement.  The Releases set forth in the Settlement Agreement by and amongst the Settling

Defendants and the Remaining Defendants are approved and shall become effective as set forth

therein; and it is further

    **ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising

from or related to this Order including but not limited to enforcement, implementation or

interpretation.

ME1 48300679v.3

# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and among Nancy Isaacson, as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Revival Holdings, LLC ("Debtor" or "Revival Holdings"), Case No. 23-19146 (VFP) and of Debtor's wholly owned subsidiaries, Revival Sash & Door, LLC, Case No. 22-19151("RSD"), Prelude, LLC, Case No. 22-19147 ("Prelude"); and Bright Windows Specialties, Inc., Case No. 22-19150 ("BWS") (RSD, Prelude and BWS are collectively referred to as "Subsidiaries" and along with the Debtor are referred to as the "Debtors"), pending in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), on the one hand, and Peter Manning ("Manning") and Michael Canizales ("Canizales," and with Manning, the "Settling Defendants"), on the other hand. Where appropriate, the Trustee, Canizales and Manning may be referred to herein collectively as the "Parties." This Agreement is based on the following facts:

## RECITALS

**WHEREAS,** Manning was a founder of Revival Holdings, a member of its Board and its sales agent, and Canizales was a founder, member of the Board, and Chief Executive Officer of Revival Holdings; and

**WHEREAS,** Revival Holdings filed its voluntary bankruptcy petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on November 17, 2022; and

**WHEREAS,** on November 17, 2022, Revival Holdings caused voluntary bankruptcy petitions under chapter 7 of the Bankruptcy Code to be filed for its Subsidiaries; and

**WHEREAS,** the Trustee commenced an adversary proceeding on behalf of the Debtor styled *Isaacson v. Sachs Capital Funds II, LLC, et al.,* Adv. Pro. No. 23-01029, ("Adversary Proceeding") which is currently pending against Manning, Sachs Capital Fund II, LLC, Sachs Capital Partners, LLC, Revival LOC, LLC ("RLOC"), Canizales, Robert Henley, and Andrew Sachs (Sachs Capital Fund II, LLC, Sachs Capital Partners, LLC, and Andrew Sachs are collectively referred to as "Sachs;" Sachs, along with Henley and RLOC, are referred to collectively as "Remaining Defendants"). The Adversary Proceeding seeks to recover damages from Manning and Canizales for, *inter alia,* their alleged involvement in a conspiracy to transfer control of Revival Holdings and its Subsidiaries to Sachs, paying insiders at the expense of the Debtor and its creditors, breach of fiduciary duty (as to Canizales), and aiding and abetting breaches of fiduciary duty (as to Manning), all of which allegations are expressly denied and contested; and

**WHEREAS,** on April 16, 2024, the Parties successfully engaged in mediation before the Hon. Michael Kaplan, Chief U.S.B.J. and as a result therefore now seek to settle, compromise and resolve their disputes and other issues among them on the terms set forth herein;

**WHEREAS,** in the mediation, the Parties agreed to mutual releases between the Settling Parties and the Trustee as Trustee of all of the Debtors;

MEI 48186105v.7

**NOW, THEREFORE,** for good and valuable consideration and intending to be legally bound, the Parties agree as follows:

## AGREEMENT

1.    Settlement Payment and Additional Consideration.   The Parties agree to settle the Adversary Proceeding on the following terms and conditions:

a.    Settlement Payment.   The Settling Defendants shall pay the sum of One Million Dollars and No Cents ($1,000,000.00) ("Settlement Payment") in full and final settlement of the Adversary Proceeding under the terms and conditions set forth herein. The Settlement Payment is contemplated to be paid by the Settling Defendants' insurer, Arch Insurance Company ("Arch"). The Settlement Payment shall be made by check (or such other method as the Parties agree upon) payable to *"Nancy Isaacson, as Trustee of the Bankruptcy Estate of Revival Holdings, LLC."* and delivered to Nancy Isaacson, Esq., c/o Greenbaum Rowe Smith & Davis LLP, 75 Livingston Avenue, Roseland, New Jersey 07068 (or such other method that the Parties agree upon) so as to be received by the Trustee within fifteen (15) days (the "Payment Deadline") after delivery of a completed IRS form W-9 for the Trustee and e-mail notice that an Approval Order has been entered. The Trustee shall hold the Settlement Payment in trust in a separate trust account until the Approval Order becomes a Final Order, at which time the Settlement Payment shall be released to the Trustee.

b.    Cooperation. The Settling Defendants shall cooperate with the Trustee in the continued administration of the Debtors' bankruptcy estates, and shall respond to the Trustee's reasonable requests for information and documentation, including without limitation assistance in connection with accessing the documents and information previously produced by the Settling Defendants' counsel to the Trustee.

c.    Withdrawal of Claims. Each Settling Defendant agrees, and the Approval Order shall provide, that any proof of claim filed by or on behalf of such Settling Defendant shall be deemed withdrawn with prejudice, and shall be null, void and of no effect. Each Settling Defendant further agrees that he will not file any other claim against or otherwise seek any distribution or payment, compensation or remuneration from the Debtors' estates, specifically including but not limited to the filing of a §502(h) claim relating to the respective Settlement Payments. Any claim scheduled by any of the Debtors for any of the Settling Defendants shall be deemed expunged without further court order.

2.    Bankruptcy Court Approval.   This settlement is subject to Bankruptcy Court approval. The Trustee will file a Notice of Settlement  and Motion for entry of the Approval Order as an order of compromise pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(a) ("Motion") within 7 days of this Agreement being fully executed. If an Approval Order is not entered, and if it is entered but does not become a Final Order, then this Settlement Agreement and Release shall be null and void *ab initio*, and the Trustee shall promptly return the Settlement Payment, if previously paid, to Arch.

a.    Approval Order.   "Approval Order" means an order entered by the Bankruptcy Court, or some other court of competent jurisdiction, pursuant to which the terms of

2

this settlement agreement and release have been approved. The Approval Order shall be substantially in the form annexed hereto as Exhibit A.

b.    Final Order. "Final Order" means any judgment or order (a) as to which the time to appeal, petition for certiorari, or move for re-argument or rehearing has expired, and as to which no appeal, petition for certiorari, or other proceedings for re-argument or rehearing will then be pending, or as to which any right to appeal, petition for certiorari, or request re-argument or rehearing will have been waived in writing, in form and substance satisfactory to the Parties, or (b) in the event that an appeal, writ of certiorari, or request for re-argument or rehearing thereof has been sought, such order or judgment will have been determined by the highest court to which such order was appealed, or certiorari, re-argument, or rehearing will have been denied, and the time to take any further appeal, petition for certiorari, or move for re-argument or rehearing will have expired. If no appeal or motion for re-argument or rehearing is filed within 14 calendar days of entry of the Approval Order, then the Approval Order shall be a Final Order.

3.    Effective Date. This Agreement shall become effective upon execution by all the Parties and enforceable when the Approval Order becomes a Final Order. Notwithstanding any provision in this Agreement or the Approval Order to the contrary, the Releases shall only become effective as set forth in Paragraph 4.

4.    Mutual Release. The Parties agree to mutually release each other, as set forth below, subject to satisfaction of the following contingencies (collectively, the "Contingencies"): (a) the Trustee has received the Settlement Payment and the funds have cleared; (b) an Approval Order has been entered by the Bankruptcy Court; (c) the Approval Order has become a Final Order; and (d) no Settling Defendant has a proof of claim pending in any of the Debtors' bankruptcy cases. On the date upon which all of the Contingencies have been satisfied, the following mutual release (the "Mutual Release") shall automatically become effective by and between the undersigned Parties in full and final satisfaction and discharge of the Adversary Proceeding:

> Each of the Settling Defendants on the one hand, and the Trustee, in her capacity a chapter 7 trustee of each of the Debtors' bankruptcy estates on the other, waive, release, withdraw, dismiss, discharge, and otherwise relinquish, with prejudice, any claim of any type whatsoever, whether asserted, unasserted, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, priority, administrative, filed or not, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against each other and their respective professionals and insurers, heirs, executors, and administrators, solely in their capacities as such. Notwithstanding anything to the contrary herein, this Release shall not apply to the obligations set forth in this Settlement Agreement.

3

MEI 48186105v.7

5.    Voluntary Agreement. The undersigned Parties hereby represent and warrant that, prior to signing this settlement Agreement and Mutual Release, they had a full opportunity to consider its terms and discuss them with counsel, that they fully understand its meaning and effect, and that they have voluntarily executed it.

6.    Defendants' Mutual Release and Joint Tortfeasor Release. The Trustee has reached a settlement with the Remaining Defendants, which includes their agreement not to seek recourse against the Settling Defendants.

    a.    Defendants' Mutual Release. Effective upon entry of a Final Order whereby the Remaining Defendants release and discharge the Settling Defendants from any liability to Remaining Defendants, Settling Defendants waive, release and discharge any claims against the Remaining Defendants related to the Debtors.

    b.    Absent Court Approval. If and only if the settlement agreement with the Remaining Defendants is not approved by the Court and/or such approval order does not become a Final Order, the following provisions shall become effective:

    The Trustee's release of the Settling Defendants is intended to act as a joint tortfeasor release pursuant to 10 *Del. C.* § 6304. It (a) does not discharge the Remaining Defendants in the Adversary Proceeding; and (b) the Trustee agrees that any judgment against any of the Remaining Defendants for damages that the Remaining Defendants can establish were jointly and severally caused by the Settling Defendants will be reduced by the greater of: (i) one million dollars; or (ii) the pro rata share, if any, of the Settling Defendants' liability for the damages awarded to the Trustee that are owed by the Remaining Defendants in the Adversary Proceeding, as found by a Court of competent jurisdiction.

    To ensure that such a reduction is accomplished, Settling Defendants shall be entitled to assert this Section as a defense to any action for any such portion of the judgment, settlement, or binding arbitration award, and shall be entitled to have the court or appropriate tribunal issue such orders as are necessary to effectuate the reduction to protect Settling Defendant from any liability for the judgment, settlement, or binding arbitration award.

7.    Bar Order. The Trustee agrees to use her best efforts to ensure that the Approval Order bars the Remaining Defendants from bringing any and all claims for contribution or indemnification against the Settling Defendants, and that any such claims are extinguished, discharged, satisfied and/or otherwise barred and unenforceable.

8.    No Duress. The Parties each acknowledge that they have carefully read and fully understand the provisions of this Agreement, and the Agreement is being entered into by each Party knowingly and voluntarily, and is not the result of any duress. The Parties have each been represented by counsel and acknowledge that the Settling Defendants, in connection with their entry into this Agreement, have each had the right to seek and have sought the advice of independent counsel, and that the Agreement shall be enforceable.

4

9.    No Admission of Liability.  The Parties understand that the execution of this Settlement Agreement is done solely for the purposes of compromise, and to eliminate the burden and expense of further litigation, and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, or noncompliance with federal, state or local law, statute, order or regulation, tortious act, breach of contract, or violation of common law, or any other wrongdoing whatsoever.

10.    Choice of Law.  This Agreement shall be governed by the laws of the State of New Jersey, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule or regulation that would result in the application of any other state's law.

11.    Entire Agreement.  This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements.

12.    Execution of Agreement.  This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute one and the same agreement.  Facsimile and/or scanned signatures shall be deemed to have the full force and effect of ink signatures.

13.    Drafting of Agreement.  This Agreement was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

14.    Jurisdiction.  The Parties agree that the Bankruptcy Court has jurisdiction over this matter, and has jurisdiction and authority to enter an Approval Order.  The Settling Parties acknowledge, agree, and consent to the jurisdiction of the Bankruptcy Court for purposes of approving this Settlement Agreement and Release, and for entry and enforcement of the Approval Order.  The Parties agree that the Bankruptcy Court will retain jurisdiction over the terms, conditions and enforcement of this Agreement, and all disputes, claims or actions based upon this Agreement will be heard exclusively by the Bankruptcy Court.

15.    Appeal.  The Parties agree that they will support a motion to approve this Settlement and will not take any action to delay, undermine or otherwise interfere with the prompt and expeditious entry of the Approval Order and the Approval Order becoming a Final Order.  The Parties agree that they will not file an appeal, a motion for reconsideration or re-argument, or take any other action that would delay entry of an Approval Order or an Approval Order becoming a Final Order. In the event an appeal or other action is taken challenging the Approval Order, however, any Party shall have the right, but not the obligation, to defend the Approval Order. Specifically, the Trustee shall not be obligated to defend the Approval Order, on appeal or otherwise.

IN WITNESS WHEREOF, the Parties have executed this Agreement, as of the last date written below.

5

Dated: May___, 2024

By: _____
Peter Manning

Dated: May___, 2024

By: _____
Michael Canizales

Dated: May _14_, 2024

By: _____
Nancy Isaacson, as Chapter 7 Trustee for the
bankruptcy estates of Revival Holdings, LLC,
Revival Sash & Door, LLC, Prelude, LLC and
Bright Window Specialties, Inc.

6

ME1 48186105v.7

Dated: May___, 2024

By: _____
Peter Manning

Dated: May 15, 2024

By: *Michael Canizales*
Michael Canizales

Dated: May____, 2024

By: _____
Nancy Isaacson, as Chapter 7 Trustee for the
bankruptcy estates of Revival Holdings, LLC,
Revival Sash & Door, LLC, Prelude, LLC and
Bright Window Specialties, Inc.

6

ME1 48186105v.7

Dated: May___, 2024

By: _____
Peter Manning

Dated: May___, 2024

By: _____
Michael Canizales

Dated: May____, 2024

By: _____
Nancy Isaacson, as Chapter 7 Trustee for the
bankruptcy estates of Revival Holdings, LLC,
Revival Sash & Door, LLC, Prelude, LLC and
Bright Window Specialties, Inc.

6

ME1 48186105v.7

# Exhibit A

<table>
<tr><td colspan="1">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**McCARTER & ENGLISH, LLP**
Lisa S. Bonsall, Esq.
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
Telephone: (973) 622-4444
E-mail: lbonsall@mccarter.com
*Special Counsel to Nancy Isaacson, Ch. 7*
*Trustee/Plaintiff*

</td><td></td></tr>
<tr><td>

In re:

REVIVAL HOLDINGS, LLC,

      Debtor.

</td><td>

Chapter 7 Proceeding

Case No. 22-19146 (VFP)

Hon. Vincent F. Papalia

</td></tr>
<tr><td>

NANCY ISAACSON, CHAPTER 7 TRUSTEE,

v.

SACHS CAPITAL FUND II, LLC, *et al.*,

      Defendants.

</td><td>

Adv. Pro. No.: 23-01029 (VFP)

</td></tr>
</table>

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE APPROVING**
**SETTLEMENT AGREEMENT AND MUTUAL RELEASES BY AND AMONG**
**THE TRUSTEE, MICHAEL CANIZALES AND PETER MANNING**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED**.

ME1 48300679v.3

Page:         2
Debtor:       Revival Holdings, LLC
Case No.:     22-19146 (VFP)
Adv. Proc.No.: 23-01029 (VF)
Caption:      Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement
              and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

_____

Upon the motion (the "Motion")[1] of Plaintiff Nancy Isaacson, the Chapter 7 Trustee (the

"Trustee") for the bankruptcy estate of Revival Holdings, LLC (the "Debtor"), by and through her

attorneys, for entry of an order pursuant to Sections 105(a) of Title 11 of the United States Code,

§§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing and approving the settlement

agreement on the terms set forth in that certain *Settlement Agreement and Mutual Release*, dated

_____, 2024, and attached hereto as **Exhibit A** (the "Settlement Agreement"), by and among the

Trustee of the estates of the Debtor and its subsidiaries, Revival Sash & Door, LLC ("RSD") (Case

No. 22-19151), Prelude, LLC ("Prelude") (Case No. 22-19147), and Bright Windows Specialties,

Inc. ("BWS") (Case No. 22-19150) (RSD, Prelude and BWS collectively referred to as the

"Subsidiaries," and with the Debtor, the "Debtors"), on the one hand, and Michael Canizales

("Canizales") and Peter Manning ("Manning" and together with the Trustee and Canizales, the

"Parties"), on the other; and (ii) granting such other and further relief as this Court deems just and

proper; and the Court having determined that adequate notice of the Motion has been given as set

forth in the Certification of Service of the Motion; and that no other or further notice is necessary;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. § 1334; and the Court having determined that the Motion involves a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that (a) the Trustee has

demonstrated sound business judgment for entering into the Settlement Agreement, and (b) the

_____

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement Agreement or, if not defined therein, in the Motion.

ME1 48300679v.3

Page:        3
Debtor:      Revival Holdings, LLC
Case No.:    22-19146 (VFP)
Adv. Proc.No.: 23-01029 (VF)
Caption:     Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

_____

legal and factual bases set forth in the Motion and presented on the record at the hearing on the Motion, if any (the "Hearing"), establish just cause for the relief granted herein; and taking into account (i) the complexity of the claims being settled by the Settlement Agreement, (ii) the costs and risks of litigating such claims, and (iii) the interests of creditors, the Court finds that the Settlement Agreement and the related relief requested in the Motion, to the extent granted herein, is fair, reasonable, supported by sound business reasons and in the best interests of the Debtors' Estates, their creditors and all other parties in interest;[2] and the Court having considered and overruled the objections to the relief sought in the Motion, if any; and the Court being fully advised in the premises; and for the reasons set forth on the record at the Hearing on the Motion; and after due deliberation;

NOW, THEREFORE, IT IS:

ORDERED that the Motion is approved in its entirety, and all objections to the Motion or the relief requested that have not been withdrawn, waived or settled, be and hereby are overruled and denied on the merits with prejudice; and it is further

ORDERED that pursuant to Sections 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement and all of its terms and conditions are approved in all respects, and the Trustee is authorized to enter into the Settlement Agreement and perform her obligations thereunder; and it is further

_____

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Bankruptcy Rule 7052.

ME1 48300679v.3

Page:        4
Debtor:      Revival Holdings, LLC
Case No.:    22-19146 (VFP)
Adv. Proc.No.: 23-01029 (VF)
Caption:     Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement
             and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

_____

**ORDERED** that the Settling Defendants are hereby directed to perform their obligations under the Settlement Agreement; and it is further

**ORDERED** that the Settlement Payment shall be payable so as to be received by the Trustee within fifteen (15) days of entry of this order, and held in trust as set forth in the Settlement Agreement and released immediately upon this order becoming final and non-appealable; and it is further

**ORDERED** that any Proof of Claim filed by the Settling Defendants against any of the Debtors shall be deemed automatically withdrawn with prejudice, and any liability related thereto is hereby released, and such claim is hereby null, void and of no effect.  The Settling Defendants are barred, precluded and prohibited from filing any claim or otherwise seeking any distribution, payment, compensation, remuneration or benefit from any of the Debtors' Estates.  The Settling Defendants are also hereby precluded from filing any claim relating to the Settlement Payment under 11 U.S.C. §502(h) of the Bankruptcy Code. Any sums scheduled by any of the Debtors in their respective Bankruptcy Petitions as owing to the Settling Defendants are hereby deemed expunged without further action or order of the court; and it is further

**ORDERED** that the releases between and among the Trustee of the Debtors' Estates and the Settling Defendants are approved, and shall become effective as set forth in the Settlement Agreement; and it is further

**ORDERED** that the Remaining Defendants are hereby barred, precluded and prohibited from filing any claims against the Settling Defendants for contribution, indemnification or other

ME1 48300679v.3

Page:          5
Debtor:        Revival Holdings, LLC
Case No.:      22-19146 (VFP)
Adv. Proc.No.: 23-01029 (VF)
Caption:       Order Granting Motion of Chapter 7 Trustee for Entry of Order Approving Settlement Agreement and Mutual Releases By and Among the Trustee, Michael Canizales and Peter Manning

_____

reimbursement.  The Releases set forth in the Settlement Agreement by and amongst the Settling Defendants and the Remaining Defendants are approved and shall become effective as set forth therein; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order including but not limited to enforcement, implementation or interpretation.

ME1 48300679v.3

# <u>Exhibit A</u>

## Settlement Agreement

ME1 48300679v.3